| xLABORDE, Judge,
dissenting.
I respectfully dissent.
The majority finds that according to the standards set out in White v. Monsanto Co., 585 So.2d 1205 (La.1991), the plaintiffs have not alleged facts to show that the conduct of the defendants was extreme and outrageous and thus have failed to state a cause of action for intentional infliction of emotional distress.
I disagree. Without making a finding as to the merit of plaintiffs claim, I believe that they have stated a cause of action for intentional infliction of emotional distress. In White v. White, 641 So.2d 538, (La.App. 3d Cir.1994), plaintiff filed suit against her former husband and his new wife alleging, among other things, a claim for intentional infliction of emotional distress. The petition alleged that plaintiff, Virginia White, had entered into a community property settlement with James White, in which James promised to pay notes on certain community immovables. Plaintiff claimed that James and Debbie White conspired to avoid James’ obligation under the settlement agreement |2by transferring the note on the Alexandria property from the bank to Debbie, and that James would no longer make payments on this obligation. Plaintiff claimed that Debbie then planned to pursue her for payment on the note in order to force her to release James from the debt and any further payments to her. She claimed that these actions caused her severe mental anguish and emotional distress.
The trial court dismissed this cause of action, stating:
“These acts, [those alleged in Virginia’s petition] while perhaps unkind and inconsiderate do not appear to rise above the *604 level of ‘threats,’ ‘annoyances’ or ‘petty oppressions.’ ”
White at 541.
In White, this court reversed the trial court’s grant of an exception of no cause of action, finding that plaintiff had alleged all of the factors required in White v. Monsanto, 585 So.2d 1205 (La.1991) stating:
The petition alleges that Debbie’s conduct was extreme and outrageous, meeting the first element. The second element is met in that the petition alleges that Virginia suffered mental anguish and emotional distress that was severe. Finally, Virginia alleges that Debbie desired to inflict mental anguish and severe emotional distress.
White at 543. Similarly, in the present case, .plaintiffs also alleged all of the three elements to state a claim for intentional infliction of emotional distress. Plaintiffs alleged that the discussions between Mr. Durio and Mr. Preis’ children, especially those discussions concerning Mr. Preis’ alleged adultery, caused them severe emotional distress. Although he cannot say with specificity what exactly these statements were, Mr. Preis may be able to support these claims during the discovery process. Therefore, I would reverse the trial court’s ruling, which grants defendants’ exception of no cause of action.